IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

NOELIA SANTANA,

   Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

   Defendant.

CIVIL NO. 11-2034 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiff Noelia Santana (hereafter plaintiff "Santana") filed this action seeking judicial review of the final decision by defendant, the Commissioner of Social Security (hereafter "Commissioner"), denying her application for a protected period of disability and ensuing disability benefits. (Docket No. 1).[1]

On May 10, 2012, after the Commissioner answered the Complaint with copy of the administrative record, plaintiff Santana filed an Informative Motion consenting to the case being referred to a Magistrate Judge for disposition. (Docket No. 7). The parties have thereafter filed their respective memorandum of law. (Docket Nos. 13 and 14).

Upon examination of the pleadings, including a review of the administrative record, and the applicable legal provisions, this Magistrate Judge discusses below the disposition of the pending motions.

---

[1] U.S.C. Sec. 405(g) provides for judicial review of the final decision of the Commissioner. "… [t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment without remanding the cause for rehearing". Section 205(g).

## BACKGROUND

Plaintiff Santana filed an application for a protected period of disability and disability insurance benefits with alleged onset disability date of November 12, 2002, because of diabetes mellitus and depression. The application was initially denied and was also denied on reconsideration. After an administrative hearing was held, wherein plaintiff Santana waived to be present, the presiding Administrative Law Judge (hereafter "ALJ") considering the evidence and the testimonies of a vocational expert, issued an opinion finding plaintiff Santana not under disability for up to the date of her insured period because she still retained the ability to perform her previous work as housekeeper. The Appeals Council denied review.

## ADMINISTRATIVE AND PROCEDURAL HISTORY

On February 20, 2007, plaintiff Santana filed her application for disability and ensuing benefits claiming initial disability since November 12, 2002.

When plaintiff Santana's insured period expired on December 31, 2007, she was a 55 year old female, with 10th grade education, who worked as a housekeeper from 1994 until 2002. Prior to said onset disability date, while still fully employed, plaintiff Santana received psychiatric care from Sixteenth Street Behavioral Health Center. At that time, she was undergoing significant family stressors. There is a mental evaluation due to depression and a sad mood that was conducted by February 2006 and plaintiff Santana continued with psychiatric treatment and medication from June 2006 through July 2007. Plaintiff Santana also received physical examinations from her regular physician, Dr. Loida López-Rosario

(hereafter "Dr. López-Rosario"), from September 2006 through June 2008 mostly for her diabetes.

At the requested administrative hearing, where a vocational expert testified, the presiding ALJ posed some hypothetical questions as to limitations imposed by plaintiff's conditions. The ALJ concluded from the medical evidence that Santana did not have an impairment or combination thereof that met the requirements of the Listing of Impairments either because of the diabetes mellitus or because of mental impairments at the time she was still fully insured. The ALJ concluded plaintiff Santana had moderate restrictions in activities of daily living. She lived with a son and prepared breakfast for both, cleaned and washed clothes, made sandwiches and cooked, watched television and listened music. Plaintiff Santana also helped with sweeping and cleaning the house. As to social functioning, Santana was found to have moderate difficulties. She would go out shopping and held conversations daily, having social interaction around four times a month. Santana was the informant during consultative evaluations. (Transcript pp. 14-15). The ALJ's assessments were supported by the medical opinion of state agency physicians. The ALJ also considered the treating physician's report while being treated for diabetes mellitus, lacked any clinical assessment to support the allegations as to diabetic neuropathy. Said treating physician, Dr. López-Rosario, expressed the patient was unable to work. (*Id.*, p. 13).

The ALJ also considered the mental evaluation of March 2000 by the Sixteenth Behavioral Health Center while plaintiff Santana was depressed because of several family and personal stressors. She was by then fully employed. Plaintiff Santana was noted as

oriented in time, person, place and was diagnosed with moderate major depressive disorder. (*Id.*, p. 14).

By February 2006, plaintiff received a diagnosis of severe major depressive disorder by APS Healthcare Clinics of Puerto Rico. By January 2007, she was ruled cooperative, alert, logical, coherent, relevant and oriented. The mood was anxious but she had good insight and judgment. By July 2007, plaintiff was found similarly oriented, well groomed, with good eye contact, tranquil mood, with good sleep and appetite. Previously, on May 17, 2007, psychiatrist Dr. Mabel Dávila concluded Santana had mild functional limitations in activities of daily living, moderate difficulties in maintaining concentration, consistence and pace without episodes of decompensation. She retained the ability to understand, process and remember simple instructions and carry out simple tasks without undue interruptions. (Transcript p. 14).

On April 24, 2007, Dr. Armando Fortuño conducted a consultative evaluation. Plaintiff was anxious, depressed and restless but also coherent, logical and circumstantial. She was oriented in the three spheres with good immediate memory, short attention span, poor insight and concentration and adequate judgment. Dr. Fortuño diagnosed severe depressive disorder, recurrent, without psychotic features.

Plaintiff Santana's insured period expired on December 31, 2007. It was not until August 20-25, 2008, that she was hospitalized due to suicidal ideas at Dr. Tito Mattei Metropolitan Hospital. Upon discharge she was found cooperative, communicative and tranquil. (*Id.*).

The ALJ concluded plaintiff Santana was not under disability considering there were no significant exertional or non-exertional limitations, her mental condition allowed work previously performed, except for being repetitive tasks, without contact with the public and occasional contact with supervisors and co-workers. (*Id.*, p. 16).

## LEGAL ANALYSIS

The Court's review in this type of cases is limited to determine whether the ALJ deployed the proper legal standards and found facts upon the proper quantum of evidence. *See* Manso-Pizarro v. Secretary of Health and Human Services, 76 F.3d 15, 16 (1st Cir. 1996). The ALJ's findings of fact are conclusive when supported by substantial evidence, 42 U.S.C. § 405(g), but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts. Nguyen v. Chater, 172 F.3d 31, 35 (1st Cir. 1999); Da Rosa v. Secretary of Health and Human Services, 803 F.2d 24, 26 (1st Cir. 1986); Ortiz v. Secretary of Health and Human Services, 955 F.2d 765, 769 (1st Cir. 1991).

To establish entitlement to disability benefits, the burden is on the claimant to prove disability within the meaning of the Social Security Act. *See* Bowen v. Yuckert, 482 U.S. 137, 146-47, n. 5 (1987). It is well settled law that a claimant is disabled under the Act if he/she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(a). A claimant is unable to engage in any substantial gainful activity when the claimant is not only unable to do his/her previous work but, considering age, education, and work experience, cannot engage in any other kind of

substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he/she lives, or whether a specific job vacancy exists, or whether he/she would be hired if he/she applied for work. 42 U.S.C. § 423(d)(2)(a).

In making a determination as to whether a claimant is disabled, all of the evidence in the record must be considered. 20 C.F.R. § 404.1520(a). A five-step sequential evaluation process must be applied to every case in making a final determination as to whether a claimant is or not disabled. 20 C.F.R. §§ 404.1520; *see* Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987); Goodermote v. Sec. of Health & Human Servs., 690 F.2d 5, 6-7 (1st Cir. 1982). Through step one the ALJ determines whether the claimant is engaged in "substantial gainful activity." If he/she is, disability benefits are denied. §§ 404.1520(b). If not, the decision-maker proceeds to step two, through which it is determined whether the claimant has a medically severe impairment or combination of impairments. *See* §§ 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied.

If the impairment or combination of impairments is severe, the evaluation proceeds to the third step, in order to determine whether the impairment or combination of impairments is equivalent to one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. §§ 404.1520(d); 20 C.F.R. pt. 404, subpt. P, App. 1. If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment is not one that is conclusively presumed to be disabling, the evaluation proceeds to the fourth

step, through which the ALJ determines whether the impairment prevents the claimant from performing the work he/she has performed in the past. If the claimant is able to perform his/her previous work, he/she is not disabled. §§ 404.1520(e). This was the final step in the present case as to the protected period for claimed disability for plaintiff Santana was found able to carry out her former work from the alleged onset date up to the time her insured period expired.

Only if it had been determined that Santana cannot perform her former kind of work, then the fifth and final step of the process would demand a determination on whether claimant is able to perform other work in the national economy in view of the residual functional capacity, as well as age, education, and work experience. The claimant would be entitled to disability benefits only if he/she is not able to perform other work. §§ 404.1520(f). The ALJ in the instant case followed only up to step four, upon determining plaintiff Santana was not under disability for being able to perform, without limitations of an exertional or a non-exertional nature, her previous job as a housekeeper up to December 31, 2007.

The claimant has the burden, under steps one through four, of proving that he/she cannot return to his/her former employment because of the alleged disability. Santiago v. Secretary of Health and Human Services, 944 F.2d 1, 5 (1st Cir. 1991). In the present case, plaintiff Santana was found by the ALJ able to perform her previous past relevant work for it was within her residual functional capacity. As such, there was no need to continue in regards to any other job she could still perform after said step four consideration.

In the memorandum of law, plaintiff Santana submits without fully developing, coherent and cohesive arguments supporting the averment that the ALJ's determination was not supported by substantial evidence nor applied the correct legal standards.[2] Succinctly, plaintiff argued the ALJ's proposed hypothetical questions to the vocational expert did not convey all of plaintiff's limitations. (Docket No. 13, p.2).

However, the Commissioner's memorandum of law rebutted each one of plaintiff's underdeveloped arguments, stating the reasons why they cannot prosper.

The Commissioner's memorandum, discussed that insofar as to plaintiff the ALJ asked vocational expert Esperanza DiStefano whether Santana could fulfill her previous past work as a housekeeper if she retained the ability to perform the full range of work at all exertional levels, limited to simple repetitive tasks, with no contact with the public and occasional contact with supervisors and co-workers. The vocational expert testified that an individual such as plaintiff Santana could perform her previous relevant work as a housekeeper for said work was considered of medium level of exertion, simple, repetitive and routine, did not involve any contact with the public and was usually performed alone. (Docket No. 14, p. 4).

Plaintiff Santana's memorandum also objected to the ALJ not properly weighing the opinion evidence of record. Although the treating source's medical opinion is given controlling weight if not inconsistent with other substantial evidence contained in the

---

[2] Without such cohesiveness the excessive use of italics, fonts and bold and underlining simultaneously of administrative record summaries have still failed to grasp and tie legal arguments with the record, for these are either not supported by the medical record and the evidence as a whole nor by the dates therein reflected in relation to plaintiff's insured period.

record, the ALJ can reject or not give significant weight to same when it is inconsistent with other substantial evidence. The assessment of such inconsistencies in the medical evidence is one to be resolved by the Commissioner.

As to plaintiff Santana's treating source, Dr. López-Rosario's opinion that plaintiff was unable to work, is one reserved for the Commissioner. The ALJ also considered that Dr. López-Rosario, a family physician, provided treatment for plaintiff's diabetes and not her psychiatric condition. The ALJ also indicated Dr. López-Rosario failed to point to specifics of any functional assessment to support her opinion. Finally, Dr. López-Rosario's opinion regarding plaintiff being considered disabled was issued for October 2008, some ten (10) months after the insured period had expired by December 31, 2007 and there is no indication when plaintiff's condition had so developed. (Transcript pp. 423-425).

The Court of Appeals for the First Circuit has indicated an ALJ is "not required to recite every piece of evidence that favored appellant." *See* Stein v. Sullivan, 966 F.2d 317, 319 (7th Cir. 1992) (noting that the level of articulation required is not precise). *See* 20 C.F.R. § 404.1527(d) ("We will always give good reason in our notice of determination or decision for the weight we give your treating source's opinion); SSR 96-2p ("the notice of determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.").

Courts give deference to the ALJ's interpretation of the medical record and notice that, although an ALJ is not at liberty to ignore medical evidence or substitute his own

views for uncontroverted medical opinion, upon the existence of conflicts in the medical record from the report and sources, it is not for the Court to resolve same. *See* Nguyen v. Chater, 172 F.3d 31 (1st Cir. 1999); Lizotte v. Secretary of Health & Human Servs., 654 F.2d 127 (1st Cir. 1981) (the resolutions of conflicts in the evidence and the determination of the ultimate question of disability is for him [the ALJ], not for the doctors or for the courts). *See also* Rodríguez v. Secretary of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ also considered medical evidence on record as to plaintiff's Santana's mental condition. There is a psychiatric evaluation by Dr. Fortuño with a diagnosis of major depressive disorder by April 2007. The patient had no history of psychiatric hospitalizations or suicidal attempts. She was described as anxious, depressive and restless. Speech was normal. Thought process was logical, coherent and circumstantial. She was oriented in the three spheres. Insight was poor but judgment was adequate. (Transcript pp. 352-355).

The ALJ also took into account the review of Dr. Mabel Dávila, a psychiatry state agency medical and psychological consultant, which indicated plaintiff's affective disorder caused only mild restrictions in activities of daily living and moderate difficulty in concentration, persistence or pace, without episodes of decompensation. (*Id.*, pp. 370). Plaintiff Santana was the sole informant and provided adequate history of her condition. She had good immediate memory. Her recent and remote memory was fair. She retained the ability to understand, process and remember simple instructions and to carry out simple tasks without interruptions. (Dr. Dávila, Exhibit 4F).

Noelia Santana v. Commissioner of S.S.
Opinion and Order
Civil No. 11-2034 (CVR)
Page No. 11

The ALJ also evaluated Dr. Melvyn Acosta-Ruiz' report in 2007 as to plaintiff Santana's diabetes mellitus condition which had been present since 2004. There were no weight changes, no visual loss, no joint pains nor swelling, gait disturbance, tremors or seizures. The patient was described as well nourished in no acute distress. She was also referred as alert, oriented, without atrophies and adequate tone and normal reflexes. There was no end organ damage related to her diabetes. (Transcript pp. 379-381).

In addition to the above discussed available evidence, there are progress notes at APS Healthcare for plaintiff Santana's treatment of her mental condition therein since 2006. She was referred as anxious and was provided with medication and therapy. In 2006, she was coherent, relevant and oriented. By January 2007, she was found with good hygiene, logical, anxious, cooperative, coherent and relevant. (Transcript pp. 389-400).

This Magistrate Judge has considered above evidence in support of the ALJ's determinations and additionally reviewed the record as a whole so as to determine whether the evidence therein presented substantial evidence in support of the administrative decision. The discussion above concludes there is such substantial evidence to support denial of disability determination.

To review the final decision of the Commissioner courts must determine if the evidence of record meets the substantial evidence criteria. Substantial evidence is "more than a mere scintilla and such, as a reasonable mind might accept as adequate to support a conclusion". Richardson v. Perales, 402 U.S. 389 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197 (1938). The findings of the Commissioner as to any fact are

conclusive, if supported by the above stated substantial evidence.[3] The court would set aside a denial of benefits only if it is not supported by substantial evidence or if it is based on a legal error. See Seavey v. Barnhart, 276 F.3d 1, 9 (1st Cir. 2001); Rodríguez, 647 F.2d at 222.

As such, this Magistrate Judge opines the decision of the Commissioner is supported by substantial evidence in the record as whole, insofar as plaintiff's mental condition and no other exertional limitations that would preclude performance of plaintiff's former type of work as housekeeper.

## CONCLUSION

For the reasons above discussed, this United States Magistrate Judge, having carefully perused the record and considered whether there is substantial evidence in support of the decision rendered by the Commissioner determines the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

Judgment to be entered accordingly.

In San Juan, Puerto Rico, on this 9th day of January of 2013.

        S/CAMILLE L. VELEZ-RIVE
        CAMILLE L. VELEZ RIVE
        UNITED STATES MAGISTRATE JUDGE

---

[3] Falu v. Secretary of Health & Human Servs., 703 F. 2d 24 (1st Cir. 1983).